IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN BARRETT,<br><br>                      Plaintiff,<br><br>v.<br><br>VICTOR KERSEY et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION &**<br>**ORDER TO SHOW CAUSE**<br><br>Case No. 2:17-CV-1101 TS<br><br>District Judge Ted Stewart |

Plaintiff, inmate Kevin Barrett, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2019),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Complaint, (Doc. No. 4), under its statutory review function,[2] the Court orders Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 *id*. § 1915A.

## BACKGROUND

Plaintiff names the following Utah Department of Corrections defendants: Director Victor Kersey, Sex Offender Treatment Program (SOTP); and therapists Colleen Jones and Ruth Williams. He alleges these defendants violated his federal constitutional rights by removing him from SOTP (primarily due to mental-health limitations), which caused him to be denied parole, receive reduced classification, and endure mental suffering. He specifies that Defendant Jones removed him from SOTP on April 27, 2009; Defendant Williams removed him on March 20, 2013; and he removed himself in 2015. He suggests that Defendant Kersey played a role in each removal. The remedies he requests are termination of his sentence and damages.

## ANALYSIS

### 1. Failure-to-State-a-Claim Standard

When deciding whether a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if the pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 2. Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would

3

support a cause of action are or should be apparent.'" *Id*. at 675 (citation omitted). Some of the circumstances underlying these claims appear to have occurred more than four years before this case was filed. The face of complaint states that the claims against Defendants Jones and Williams accrued respectively on April 27, 2009 and March 20, 2013--which is more than four years before the Complaint was filed on November 6, 2017. The Court thus proposes to dismiss these two defendants under the statute of limitations. *Jamerson v. Heimgartner*, 752 F. App'x. 557, 562 (10th Cir. Sept. 21, 2018) (unpublished) ("A district court may dismiss a complaint sua sponte under § 1915A(b)(1) based on an affirmative defense such as the statute of limitations when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted))).

### 3. Denial of Parole

Plaintiff alleges that Defendants' unconstitutional treatment of him resulted in Utah Board of Pardons and Parole members (BOP) departing from state sentencing guidelines—i.e., "the matrix"--in determining not to grant him parole. He states that he would have been paroled by now if it were not for Defendants.

However, Plaintiff's allegations do not pass the screening stage of his complaint here; he has not stated a federal constitutional violation. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because

Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge procedures used to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). The Court thus concludes that Plaintiff fails to state a claim here.

### 4. *Heck*

Another basis on which to deny Plaintiff's damages claims, regarding his failure to be released on parole, is the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "Judgment in favor of [Plaintiff] would imply the invalidity of [execution of] his sentence." *O'Neill v. King*, 668 F. App'x 835, 836 (10th Cir. 2016); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole."). Plaintiff has failed to state a claim here.

### 5. Habeas Relief Sought

One remedy Plaintiff seeks is termination of his sentence. Such relief is not available under § 1983 but must instead be sought in a habeas-corpus petition. 28 U.S.C.S. § 2241, 2254 (2019).

### 6. Programming and Classification

Plaintiff alleges that, as a result of his removal from SOTP, he was denied the chance to finish SOTP and he lost privileges.

The constitutionality of Plaintiff's removal from SOTP is first addressed. It is well settled that inmates do not have a constitutionally protected liberty interest in programming or rehabilitation. *See Paige v. Okla. Dep't of Corrs.*, 248 Fed. Appx. 35, 2007 U.S. App. LEXIS 21558, at *5 (10th Cir. 2007) (unpublished) (holding no constitutional right to rehabilitation) (citing *Battle v. Anderson*, 564 F.2d 388, 403 (10th Cir. 1977)). Accordingly, Plaintiff has no constitutional right to programming or parole and cannot argue any lack of access to these privileges rises to the level of a due-process

violation. As a matter of law, Plaintiff has not stated a liberty interest that would trigger a due-process right and has failed to show that Defendants violated any such right.

Second, an inmate's time spent under a specific classification--i.e., withdrawal of privileges and change of housing--does not necessarily mean that prison administrators were deliberately indifferent to conditions with a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Nor is it, per se, "'atypical [of] ... the ordinary incidents of prison life.'" *See Adams v. Negron,* No. 03-1110, 94 Fed. Appx. 676, 2004 U.S. App. LEXIS 3558, at *4 (10th Cir. Feb. 25, 2004) (quoting *Sandin, v. Conner,* 515 U.S. 472, 484 (1995) (unpublished) (holding placement in highly structured, restrictive prison housing unit not deliberate indifference). Rather, time spent with decreased privileges and housing circumstances "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

Claims undercut by these principles are also without basis and are therefore subject to dismissal.

### 7. Section 1997e(e)

Plaintiff alleges that Defendants actions have caused him mental or emotional injury. However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C.S. § 1997e(e) (2019). Thus, these allegations fail to state a claim upon which relief may be granted.

### CONCLUSION

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2019). And amendment of the complaint appears futile.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff has thirty days in which to **SHOW CAUSE** why his Complaint should not be **DISMISSED**.

DATED this 15th day of May, 2019.

BY THE COURT:

_____
TED STEWART
United States District Judge